In the Matter of the Marriage of

## HALEY,
*Appellant,*

*and*

## HALEY,
*Respondent.*

(15-81-09777; CA A27120)

672 P2d 1222

Robert B. Dugdale, Eugene, argued the cause for appellant. With him on the brief was Sahlstrom & Dugdale, Eugene.

E. Scott Lawlor, Eugene, argued the cause for respondent. With him on the brief was McCoy & Lawlor, Eugene.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a domestic relations case in which a child support obligor father moved the trial court for an amendment to the dissolution decree's child support provisions to eliminate a requirement that he pay support for two adopted daughters. The motion was made on the theory that the adoption of the children was void. The trial court granted the motion. Mother appeals. We reverse.

Mother was divorced from one Wymer on February 14, 1976. That marriage had produced the two children who are the subject of this case. Mother was awarded custody of the children. On June 20, 1979, mother was divorced from her second husband, one Meredith. On July 26, 1979, more than a month after her second divorce, Wymer consented, in writing, to the adoption of the two children. Apparently—for some reason neither Wymer's consent nor the adoption decree appears in the record—Meredith was named in the consent as the adopting parent, although he was no longer married to mother. Mother and husband were married on February 11, 1980. Using Wymer's written consent, husband adopted the two children on March 30, 1981.

Petitioner's first two assignments of error are that the circuit court erred in allowing husband to challenge the adoption decree in the face of ORS 109.381. Husband argues that ORS 109.381 does not apply, because the adoption decree is void for want of valid consent by the natural father. Husband argues that, without such consent, the court did not have jurisdiction and therefore its decree is a nullity subject to collateral attack.

ORS 109.350 provides that when a court approves a petition for adoption "* * * a decree shall be made setting forth the facts, and ordering that from the date of the decree the child, to all legal intents and purposes, is the child of the petitioner." We presume that the decree of adoption issued in this case on March 30, 1981, is valid on its face,[1] ORS

---

[1] In other words, we presume that the factors mentioned in ORS 109.350 are among the facts set forth in the adoption decree. One such factor is that the petition for adoption was "duly presented and consented to * * *."

109.381(1);[2] the parties do not contend otherwise. Given that, there are at least three compelling reasons why the circuit court should not have allowed husband to challenge the decree:

First, husband was a party to the adoption proceedings and is therefore bound by the decree. ORS 109.381(2).[3]

Second, the decree of adoption in this case was entered on March 30, 1981, and husband's challenge was not filed until November 24, 1982, about 20 months after the decree was entered. Husband was therefore precluded from challenging the decree by ORS 109.381(3).[4]

Third, the rights that husband is attempting to assert in this case are those of the natural father, who consented in writing to the adoption of his children at a time when mother was not married. The natural father's consent has never been revoked, there is no allegation that it was a product of undue influence and the natural father is not a party to these

---

[2] ORS 109.381(1) provides:

"(1) A decree of a court of this state granting an adoption, and the proceedings in such adoption matter, shall in all respects be entitled to the same presumptions and be as conclusive as if rendered by a court of record acting in all respects as a court of general jurisidiction and not by a court of special or inferior jurisdiction, and jurisdiction over the persons and the cause shall be presumed to exist."

[3] ORS 109.381(2) provides:

"Except for such right of appeal as may be provided by law, decrees of adoption shall be binding and conclusive upon all parties to the proceeding. No party nor anyone claiming by, through or under a party to an adoption proceeding, may for any reason, either by collateral or direct proceedings, question the validity of a decree of adoption entered by a court of competent jurisdiction of this or any other state."

[4] ORS 109.381(3) provides:

"(3) After the expiration of one year from the entry of a decree of adoption in this state the validity of the adoption shall be binding on all persons, and it shall be conclusively presumed that the child's natural parents and all other persons who might claim to have any right to, or over the child, have abandoned him and consented to the entry of such decree of adoption, and that the child became the lawful child of the adoptive parents or parent at the time when the decree of adoption was rendered, all irrespective of jurisdictional or other defects in the adoption proceeding; after the expiration of such one-year period no one may question the validity of the adoption for any reason, either through collateral or direct proceedings, and all persons shall be bound thereby; provided, however, the provisions of this subsection shall not affect such right of appeal from a decree of adoption as may be provided by law."

proceedings. There is no evidence that the natural father did, or wanted to, object to the adoption proceedings at issue in this case. To the extent that the consent statutes[5] are designed to protect a natural parents' rights, particularly when that parent does not have custody of the child, the policy of these statutes is not implicated in this case. Whether the natural father could object to the adoption proceedings we need not decide.

Reversed and remanded for further proceedings. Costs to appellant.

---

[5] ORS 109.312 provides, in part:

"Except as provided in ORS 109.314 to 109.329, consent in writing to the adoption under ORS 109.310 of a child shall be given by:

"(1) The parents of the child, or the survivor of them.

"* * * * *"

ORS 109.314 provides, in part:

"If the legal custody of the child has been awarded in divorce proceedings, the written consent of the person to whom custody of the child has been awarded may be held sufficient by the court; but, unless the parent not having custody consents to the adoption, a citation to show cause why the proposed adoption shall not be made shall be served in accordance with ORS 109.330 upon the parent not having the custody, and the objections of such parent shall be heard if appearance is made. * * *"